## JONAH K. KALANIANAOLE vs. PACIFIC MAIL STEAMSHIP COMPANY.

### August 7, 1905.

*Practice.—Rehearing.—Grounds:*  Rehearing allowed when a "question decisive of the case and duly submitted by counsel, has been overlooked by the court; or that the decision is in conflict with an express statute or with a controlling decision, either overlooked by the court or to which attention was not drawn, through the neglect or inadvertence of counsel."

*Same.—Disagreement Between Court and Counsel as to Conclusions of Fact:* A difference of opinion between counsel and the court as to conclusions of fact no ground for a reargument.

*Same.—New Testimony:* A reopening of a case after judgment for the purpose of introducing new testimony, within reach of counsel at the time, not favored in the United States.

*Same.—Negligence or Inadvertence of Counsel:* Negligence or inadvertence of counsel no ground for rehearing, except as above.

In Admiralty: Petition for Rehearing.

W. S. Edings and C. W. Ashford, Proctors for Libellant.
Kinney, McClanahan & Cooper, Proctors for Libellee.

DOLE, J. The court found in this case that the respondent was guilty of negligence in connection with the damage of libellant's goods, but there being no evidence before the court of the condition and value of the goods just before the injury, the court allowed nominal damages of one dollar. The counsel for the libellant thereafter filed a petition for rehearing containing the following grounds:

"That he duly exhibited his bill of complaint in this Honor-"able court against the above-named defendant, and issue hav-"ing been joined and after argument thereon before Your "Honor a decree was pronounced whereby your Honor decreed "that your petitioner was entitled to the sum of one dollar dam-"ages and allowing further argument upon the question of costs.

"Which said decree your orator humbly insists is erroneous "and ought to be reviewed, revised and set aside for error in "as much as it appears by the evidence introduced at the trial "that your orator was entitled to damages in an amount exceed-"ing the said sum.

"In consideration whereof, and in as much as such error "appears in the record of the case and in the body of the said "decree, your orator hopes that the said decree will be reversed "and set aside and a decree entered in said cause in conformity "to the evidence.

"To the end that your orator may obtain the relief to which

"he is justly entitled in the premises, he now prays your Honor "that the said defendant required to show cause why the peti- "tion of your orator should not be granted, and your petitioner "will ever pray." .

The court in the case of *Railway Register Manuf'g. Co. v. North Hudson Co. R. Co.,* 26 Fed. Rep. 411, says that the grounds upon which a rehearing is usually granted are as follows, referring to the case of *Marine Nat. Bank v. Nat. City Bank,* 59 N. Y. 73:

"(1)  Upon all allegations that any question decisive of the case, and duly submitted by counsel, has been overlooked by the court; or (2) that the decision is in conflict with an express statute, or with a controlling decision, either overlooked by the court, or to which attention was not drawn, through the neglect or inadvertence of counsel."

No such grounds appear in this petition.  The petition alleges that the decision was erroneous and should be reviewed for error as it appears by the evidence that the petitioner was entitled to damages in amount exceeding the sum allowed.

This is a disagreement with the conclusion of the court as to the facts.  The court found no evidence on which it could appraise the damages which had resulted to the goods of the libellant and there is no prospect that a reargument would change the mind of the court on this point.  The evidence as to the value of the goods was limited to their cost and there was no evidence offered to show how long they had been in the possession of the libellant, how much they had been used, or what their condition was at the time of the accident.  I do not see how I would be able to come to a different conclusion upon a reargument.  A different of opinion between counsel and the court as to conclusions of the facts is not a ground for a reopening of the case.  The 18 Ency. Pl. & Pr. has the following on page 11:

"Failure to present the case fully, or to give sufficient atten-

tion to the argument or presentation of evidence on the original hearing, cannot be urged as a ground for granting a rehearing."

Counsel for petitioner, during the argument of this petition, suggested to the court that he would like the opportunity of introducing new testimony to prove the value of the goods.

A request of this kind is viewed with great hesitation by the courts of the United States. In *Scott v. Hore,* 1 Hughes, 163; 21 Fed. Cas. 834 (No. 12,535), the judge said:

"I think it is now settled law in Virginia, notwithstanding the remarks of the court in 9 Leigh, 289, on the case of *Patterson v. Campbell,* never reported, that a judgment or decree, rendered by default, cannot be opened on the ground of the negligence of counsel."

In the case of *Perrine v. White,* 36 N. J. Eq., 1, the court said:

"A rehearing in this state has never been a matter of course, but it is always granted when the chancellor sees reason to apprehend that a mistake may have been made in the decision, either in law or fact. Only such evidence can be used as was or could have been read on the hearing; new evidence not being permitted on a rehearing. *Brumagim v. Chew,* 4. C. E. Gr. 337; 2 *Harr. Prac. Ch.* 121. The last mentioned writer says that the forgetfulness or negligence of parties who are under no incapacity is no foundation for a bill of review. *1 Harr. Prac. Ch.* 275. In *Franklin v. Wilkinson,* 3 Munf. 112, it was held that it was not ground for a bill of review that the party was prevented from proving important facts by the wrong advice of his counsel, or that other counsel was prevented by illness from attending the trial."

The note to this case has the following:

"Knowledge or negligence of counsel binds the party so as to prevent relief in equity.   *   *   *   A rehearing cannot be granted in equity on account of the bad advice of counsel; or his error or mistake as to the pertinence or force of evidence; or as to the admissibility of evidence; or abandonment of the

defence after hearing complainant's argument; or mismanage-- ment of the defence by reason of counsel's delicate position in appearing at the same time for a co-litigant who might be injuriously affected by the establishment of the defence; or that the party, who was his own solicitor, was compelled to go to another court; or was too sick to attend that term; or had ceased to attend that court, and employed other attorneys to take charge of the case who did not understand the defence, and permitted judgment to go against defendant without his knowledge; or that the counsel originally employed died, and the counsel who succeeded him was not familiar with the case"; citing numerous cases.

This is not a case of newly discovered evidence. The evidence, if any existed, that might have proved the value of the goods was at hand and might have been offered. The weight of authority appears to be against allowing a rehearing for the introduction of new evidence under such circumstances. It is also against the policy of the law as tending to promote carelessness in counsel.

The petition is therefore refused.